THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NISSAN S.J. BLAKES, #Y32685, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:26-cv-00026-GCS |
| | ) | |
| SGT. CRAWFORD, | ) | |
| LT. LIVINGSTON, | ) | |
| JOHN DOE (Property Officer), and | ) | |
| WARDEN BROWN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**SISON, Magistrate Judge:**

Plaintiff Nissan S.J. Blakes is an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center. He brings this civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. He claims he was subjected to excessive force and retaliation and was deprived of his property. (Doc. 1). He seeks monetary damages and injunctive relief.

Plaintiff's Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims.[1] *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages

---

[1] The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 8), and the limited consent to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the IDOC.

from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

On February 20, 2025, Plaintiff twice threw juice on Defendant Sgt. Crawford, who was passing out trays. (Doc. 1, p. 5).[2] Crawford sprayed mace into Plaintiff's face and departed. A few minutes later, Defendant Lt. Livingston came to Plaintiff's cell and ordered him to cuff up; Plaintiff complied. Livingston entered the cell and "rushed" Plaintiff to the floor. Livingston banged Plaintiff's head on the floor several times, choked him, repeatedly called him a racial slur, put a spit mask over his face, and kicked his buttocks so hard that Plaintiff could not sit properly for two days. Plaintiff was taken to a non-working shower for 10-15 minutes. He was then returned to the "maced-up" cell, where the water had been turned off. He remained there for four or five hours. (Doc. 1, p. 6). Crawford returned to Plaintiff's cell several times that day and told Plaintiff he had "pissed all over [Plaintiff's] property and threw some of [his] shit away." *Id.*

The Complaint indicates Plaintiff began his segregation term in January 2025 at another prison and was transferred to Lawrence in February 2025. (Doc. 1, p. 6-7). His property should have been transferred with him but was not given to him at Lawrence. Plaintiff stayed in segregation at Lawrence without any property other than a broken fan. (Doc. 1, p. 6). He repeatedly requested the return of his property and filed grievances, but

---

[2]     Plaintiff filed a duplicate copy of the Complaint at (Doc. 15), which is identical to (Doc. 1). The Court considers (Doc. 1) as the operative Complaint.

his items have not been returned. Warden Brown denied Plaintiff's grievance(s). (Doc. 1, p. 4). Plaintiff asserts Crawford and Livingston withheld and/or destroyed his property in retaliation for the events of February 20, 2025. (Doc. 1, p. 4, 6). He states, "this whole incident started because I've asked numerous times for my property and seg outdate." (Doc. 1, p. 7).

Plaintiff was refused hygiene products on July 8, 2025, when an unidentified officer told him he would get nothing because Plaintiff had a staff assault. (Doc. 1, p. 6). When Plaintiff was released from segregation on October 1, 2025, he was housed on a wing supervised by Livingston. Plaintiff was not given headphones or a charger for his tablet, while all other inmates received them. He never received his missing property, including a TV, photographs, clothes, earbuds, obituaries of loved ones, and legal work he had purchased. (Doc. 1, p. 7).

Plaintiff's disciplinary ticket from January 2025 was eventually expunged as the result of a grievance, but only after he served ten months of his one-year segregation punishment. (Doc. 1, p. 4, 7).

As relief, Plaintiff requests his property be restored or its value refunded to him, a prison transfer, and monetary damages for the violation of his rights. (Doc. 1, p. 8).

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1:   Eighth Amendment excessive force claim against Livingston and Crawford for their actions on February 20, 2025.

Count 2:     First Amendment retaliation claim against Crawford for damaging/destroying Plaintiff's personal property, and against Livingston for withholding Plaintiff's personal property and failing to provide him with hygiene and other items, after Plaintiff threw juice on Crawford on February 20, 2025.

Count 3:     Fourteenth Amendment due process claim against Defendants for destroying/withholding Plaintiff's personal property.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the** *Twombly* **pleading standard**.[3]

**Count 1**

"Correctional officers violate the Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018); *see also Wilkins v. Gaddy*, 559 U.S. 34 (2010). Plaintiff sufficiently alleges that Livingston used excessive and unnecessary force when he banged Plaintiff's head on the floor and choked and kicked him on February 20, 2025. Crawford's action of spraying mace into Plaintiff's face may also have been unnecessary and excessive as a reaction to Plaintiff throwing juice on him. Count 1 may proceed against Livingston and Crawford.

---

[3]     *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

**Count 2**

Prison officials may not retaliate against inmates for exercising their First Amendment rights to file grievances, lawsuits, or otherwise complain about their conditions of confinement. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002). To state a retaliation claim, a prisoner must allege that he engaged in some protected First Amendment activity (for example, filing a grievance or otherwise complaining about conditions of confinement) and that prison officials took adverse action against him because he engaged in the protected activity. *See Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014); *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted).

Here, Plaintiff alleges Crawford destroyed and damaged his property, and Livingston withheld his property and other items, in retaliation after Plaintiff threw juice on Crawford on February 20, 2025. Crawford's and Livingston's alleged conduct constitutes adverse action in support of a retaliation claim. However, Plaintiff's claim fails because the alleged adverse actions were not triggered by any *protected* First Amendment activity on Plaintiff's part. Plaintiff concedes that he purposely threw juice on Crawford. A staff assault such as this does not constitute protected activity—to the contrary, this behavior is outlawed by prison rules. A conduct violation is not a "protected activity" that would support a First Amendment retaliation claim. *Watkins v. Kasper*, 599 F.3d 791, 796-797 (7th Cir. 2010). *See also Caffey v. Maue*, No. 15-3772, 679 Fed. Appx. 487, 490-491

(7th Cir. Feb. 15, 2017) (collecting cases and noting that insubordinate verbal remarks to prison officials or challenges to their authority are not protected speech). The retaliation claim in Count 2 will therefore be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Count 3

The Fourteenth Amendment protects individuals from deprivations of property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*. If the state provides an adequate remedy, Plaintiff may not maintain a civil rights claim. *See, e.g.*, *Hudson v. Palmer*, 468 U.S. 517, 530-536 (1984) (noting that availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *See Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. § 505/8 (1995). Because this state process exists, Plaintiff fails to state a constitutional claim upon which relief may be granted for the alleged deprivation and/or destruction of his personal property.

Additionally, Defendant Warden Brown does not incur any liability from denying Plaintiff's grievances or for his role as supervisor. To be liable under § 1983, a defendant must be personally responsible for the violation of a constitutional right. *See Taylor v. Ways*, 999 F.3d 478, 493 (7th Cir. 2021); *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017).

For these reasons, Count 3, Defendant Brown, and Defendant John Doe Property

Officer will be dismissed from the action.

### DISPOSITION

The Complaint states colorable claims in Count 1 against Crawford and Livingston. Counts 2 and 3, and Defendants Warden Brown and the John Doe Property Officer are **DISMISSED** from the action without prejudice.

The Clerk shall prepare for Sgt. Crawford and Lt. Livingston: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  April 14, 2026.**

Digitally signed by Judge Sison
Date: 2026.04.14
13:05:29 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so**.