UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NISSAN SJ BLAKES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. 3:26-cv-00026-GCS |
| | ) | |
| SGT. CRAWFORD, LT. LIVINGSTON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

This matter is before the Court on Plaintiff Nissan SJ Blake's Motion for Preliminary Injunction (Doc. 29) and a related letter submitted to the Court (Doc. 35). Plaintiff is an inmate in the Illinois Department of Corrections ("IDOC"), currently incarcerated at Lawrence Correctional Center. This case arises out of an incident during which Defendants Livingston and Crawford allegedly used excessive force against Plaintiff after he threw juice on Defendant Crawford. (Doc. 1, p. 5; Doc. 19, p. 7). Plaintiff alleges that various individuals, including Defendants Crawford and Livingston, have retaliated against him for filing the instant lawsuit. (Doc. 29, p. 2; Doc. 35, p. 1). Plaintiff seeks a transfer to a different prison. (Doc. 29, p. 3). Defendants Crawford and Livingston oppose the motion (Doc. 32). For the following reasons, the Court **DENIES** Plaintiff's motion.

LEGAL STANDARDS

The purpose of a preliminary injunction is to preserve the positions of the parties until a trial on the merits of a case can be held. To obtain a preliminary injunction, a plaintiff must demonstrate that (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *See Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (citing *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020)). If these elements are established, the Court must then balance the potential harm to the movant if the preliminary injunction were denied against the potential harm to the non-movant if the injunction were granted. *See Mays*, 974 F.3d at 810; *Courthouse News Service v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018). The Court must also consider whether granting the preliminary injunction is in the public interest. *See Courthouse News Service*, 908 F.3d at 1068. The Prison Litigation Reform Act ("PLRA") limits the scope of preliminary injunctive relief that courts may provide. Specifically, the PLRA provides that "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

Injunctive relief is appropriate if it addresses a matter presented in the underlying suit and seeks relief of the same character sought in the underlying action. *See, e.g., Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (stating that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); *Daniels v.*

Page <strong>2</strong> of <strong>3</strong>

*Dumsdorff*, Case No. 19-cv-00394-NJR, 2019 WL 3322344, at *1 (S.D. Ill. July 24, 2019).

## DISCUSSION

Plaintiff has not established a relationship between the injury alleged in his motion and the conduct asserted in the complaint. The Court's screening order permitted Plaintiff to proceed on one count of excessive force against Defendants Livingston and Crawford.[1] (Doc. 19, p. 7). Plaintiff's motion describes many instances of conduct that Plaintiff claims are retaliation for filing this lawsuit. But even if that is the case, the allegations do not relate to the harm that Plaintiff suffered from Defendants Livingston's and Crawford's alleged use of excessive force. Thus, injunctive relief is not appropriate.

If Plaintiff wishes to pursue the claims alleged in his motion and letter, he may do so by filing a separate case, subject to the rules and requirements of Section 1983 and the PLRA. *See Daniels*, 2019 WL 3322344, at *1. The Court expresses no opinion on the merits of any such claims.

## CONCLUSION

For the reasons explained above, the Court **DENIES** Plaintiff's Motion for Preliminary Injunctive Relief.

**IT IS SO ORDERED.**

**DATED: August 7, 2026.**

Gilbert C Sison

Digitally signed by Gilbert C Sison
Date: 2026.08.07 11:25:49 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

---

[1]     Plaintiff's other claims were dismissed, but even if they were not, they do not relate to matters raised in Plaintiff's injunction. (Doc. 19).